UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 14-cv-02329-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 38] |

On February 12, 2015, the Court heard oral argument on defendant Google, Inc.'s Motion to Dismiss First Amended Class Action Complaint. Def.'s Mot. ECF 38. For the reasons stated on the record, Defendant's motion is GRANTED with leave to amend as set forth below and in the Court's comments on the record.[1] Plaintiffs shall file their amended complaint by **no later than March 5, 2015**.

1. The breach of contract claim (First Cause of Action, or "COA") is dismissed with leave to amend regarding Plaintiffs' substantial performance (or excuse from performance) of their obligations under the Ad-Sense Terms of Service ("TOS").

2. The claim for breach of the implied covenant of good faith and fair dealing (Second COA) is dismissed with leave to plead additional facts demonstrating Defendant's alleged bad faith beyond that of simply exercising a contractual right to terminate accounts and withhold payment.

3. The claim for unjust enrichment (Third COA) is dismissed with leave to re-plead in a

---

[1] Defendant's Request for Judicial Notice ("RJN"), ECF 41, is GRANTED IN PART as to Exhibits 1-30 referenced in the RJN, and DENIED IN PART as to Exhibits 31-33.

1 manner consistent with *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342 (2012).

4. The claim for violation of California's Unfair Competition Law (Fourth COA) is dismissed with leave to amend the substantive theory of this claim in light of the amendments to Plaintiffs' other claims.

5. "Accounting" (Fifth COA) is not an independent claim for relief and is accordingly dismissed, but Plaintiffs may assert accounting as a remedy.

6. Plaintiffs' Sixth and Seventh COAs seeking a declaration that Section 10 of the TOS—permitting Defendant to withhold payment upon termination—is either (1) unconscionable or (2) an unlawful liquidated damages clause are dismissed with leave to amend ***only*** as to the unconscionability of such provision.[2]

7. All claims by plaintiffs Taylor Chose and Matthew Simpson are dismissed with leave to amend only to the extent Chose and Simpson can plead facts to demonstrate that they have not waived their rights to payment by failing to timely dispute the withholding of payment, as required by Section 5 of TOS.[3]

**IT IS SO ORDERED.**

Dated: February 12, 2015

BETH LABSON FREEMAN
United States District Judge

---

[2] Plaintiffs' counsel conceded during oral argument that they would not be able to amend around the deficiencies in their liquidated damages theory.

[3] Plaintiffs' counsel requested time to confer with his clients regarding whether such facts existed that could excuse their compliance with this provision.

2