# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

FREE RANGE CONTENT, INC., et al.,

    Plaintiffs,

v.

GOOGLE INC.,

    Defendant.

Case No. 14-cv-02329-BLF

**ORDER GRANTING MOTION FOR RECONSIDERATION**

[Re: ECF 84]

This is a putative class action lawsuit against defendant Google Inc. ("Google") arising out of Google's "AdSense" advertising program. Before the Court is the Motion for Reconsideration filed by plaintiffs Free Range Content, Inc., Coconut Island Software, Inc., Taylor Chose, and Matthew Simpson (collectively, "Plaintiffs"). Pls.' Mot., ECF 84. Plaintiffs seek reconsideration of the Court's February 12, 2015 order dismissing with prejudice their claims that Google's AdSense terms of service contain an unlawful liquidated damages provision. *See* Order at 2, ECF 66. For the reasons stated herein, the Court GRANTS reconsideration and withdraws that portion of its prior order denying Plaintiffs leave to amend their liquidated damages claims.

## I.  BACKGROUND

Google's AdSense program allows a website operator (or, "publisher") to host advertising on its own website in exchange for a percentage of the advertising revenue that Google receives from advertisers to place and run those ads. First Am. Compl. ("FAC") ¶ 19, ECF 27. A publisher that wants to participate in the program agrees to abide by the "Google AdSense Online Terms of Service" ("TOS") and "Google AdSense Online Standard Terms and Conditions" ("Agreement"). *Id.* ¶ 21; *Id.* Exhs. A (TOS), B (Agreement), and C (TOS). These contracts set forth a variety of requirements and prohibitions regarding, among other things, the content of a

publisher's website, placement of ads on the website, and methods of generating advertising traffic. *See, e.g.*, Agreement ¶¶ 2, 5; FAC ¶¶ 22-23. Notably, Google is concerned with "invalid activity," which includes "spam, invalid queries, invalid impressions, or invalid clicks on Ads generated by any person, bot, automated program or similar device, including through any clicks or impressions originating from [the publisher's] IP addresses or computers under [the publishers'] control" and "clicks or impressions co-mingled with a significant amount of [previously defined invalid activity]." TOS ¶ 5; *see also* Agreement ¶ 11. Google will only pay a publisher for valid activity or clicks, which is "determined by Google in its sole discretion." TOS ¶ 5. Publishers set up accounts with Google and are paid the "earned balance"—meaning, amount that Google calculates is owed on valid activity—on a monthly basis, generally 30 days after the month in which the balance is earned. Google does not make payments for "any earned balance less than $10." Agreement ¶ 11.

The TOS and Agreement allow both the Publisher and Google to terminate the relationship for any reason. TOS ¶ 10; Agreement ¶ 6. Paragraph 10 of the TOS states in pertinent part:

> If you terminate the Agreement and your earned balance equals or exceeds the applicable threshold, we will pay you your earned balance within approximately 90 days after the end of the calendar month in which the Agreement is terminated. Any earned balance below the applicable threshold will remain unpaid. Google may at any time terminate the Agreement, or suspend or terminate the participation of any Property in the Services for any reason. If we terminate the Agreement due to your breach or due to invalid activity, we may withhold unpaid amounts or charge back your account.

Plaintiffs are former publishers whose accounts were terminated by Google. They allege that at the time of termination they had substantial "unpaid amounts" in their account that Google withheld pursuant to the TOS's termination provision. FAC ¶¶ 27-61. Plaintiffs allege that this withholding is wrongful for a number of reasons, including that it occurs pursuant to an unlawful liquidated damages provision that is unenforceable under California Civil Code § 1671(b). *Id.* ¶¶ 89, 114, 117. They accordingly seek to represent a North American class of former Google AdSense publishers whose AdSense program account balances were withheld entirely upon their termination from the program. *Id.* ¶ 75.

2

1    On February 12, 2015, the Court heard argument on Google's motion to dismiss the FAC. After lengthy discussion with counsel, the Court granted Google's motion on the record and afforded Plaintiffs leave to amend on all claims asserted in the FAC but one: their request for a declaration that the withholding provision of the TOS constitutes an unlawful liquidated damages provision was dismissed with prejudice because the Court concluded that the challenged provision did not meet the definition of a liquidated damages provision under California law and because Plaintiffs' counsel conceded the point on the record. *See* Order, ECF 66.

## II.   LEGAL STANDARD

Trial courts have the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to the entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Rule 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir.1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## III.   DISCUSSION

As an initial matter, the Court agrees with Google that Plaintiffs' counsel consented on the record of the February 12, 2015 hearing to the Court's dismissal of Plaintiffs' liquidated damages claims with prejudice. *See* Def.'s Opp. 2-4, ECF 85. After a lengthy colloquy with the Court, Plaintiffs' counsel stated: "I will give up on liquidated damages, hearing your thoughts." Hr'g Tr. 28:17-18. Thereafter, the Court ruled that Plaintiffs would have leave to amend every claim asserted in the FAC *except* the liquidated damages claim. *Id.* at 30:15-16. On the same day, the Court issued a brief written order summarizing its rulings on the record. The order indicated that

the liquidated damages claim was dismissed without leave to amend because "Plaintiffs' counsel conceded during oral argument that they would not be able to amend around the deficiencies in their liquidated damages theory." Order at 2 n.2. More than one month later, Plaintiffs filed their motion for leave to seek reconsideration pursuant to Civil Local Rule 7-9. *See* ECF 75. Given the clear waiver by Plaintiffs' counsel and the length of time that it took Plaintiffs' counsel to realize their error and seek reconsideration, the Court would be well within its discretion to deny reconsideration of the liquidated damages theory outright.[1] In light of the early stage of this proceeding, however, the Court will not penalize Plaintiffs for their counsel's (perhaps unauthorized) relinquishment of the liquidated damages claim. Because the Federal Rules of Civil Procedures favor decisions on the merits, the Court turns now to the merits of Plaintiffs' motion for reconsideration.

California courts have defined liquidated damages as "an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement . . . ." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1002 (9th Cir. 2002) (quoting *Kelly v. McDonald*, 98 Cal. App. 121, 125 (1929)) (internal quotation marks omitted). Thus, to allege that Google's withholding of "unpaid amounts" at termination constitutes liquidated damages, Plaintiffs must allege that the contractual provision authorizing the withholding (1) arises from a breach; and (2) provides a fixed and certain sum. *See Ruwe v. Cellco P'ship*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009); *see also* Cal. Civ. Code § 1671(b) ("a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made"); *accord Miller v. California Trust Co.*, 15 Cal. App. 2d 612, 619 (1936) ("liquidated damages are fixed for breach of a contract"); *ABI, Inc. v. City of Los Angeles*, 153 Cal. App. 3d 669, 685 (1984).

---

[1] Nor is the Court persuaded by Plaintiffs' argument that the Court should reconsider its ruling because the Court posed questions and hypotheticals at the hearing that Google did not argue in its briefing and that Plaintiffs did not have an opportunity to brief. Pls.' Mot. 8, 10. If anything, this argument suggests that the Court should no longer hold hearings on motions in this case because Plaintiffs' counsel do not expect to be prepared to answer questions outside of the parties' written briefing.

4

The AdSense TOS sets forth two instances in which "unpaid amounts" may be withheld: when termination is due to (1) "breach" or (2) "invalid activity." TOS ¶ 10. The AdSense Agreement similarly allows the withholding of "payment" pending Google's reasonable investigation into, among other things, invalid activity or breach of the Agreement. Agreement ¶ 11. By their terms, both the TOS and the Agreement draw a distinction between "breach" and "invalid activity." Moreover, by Plaintiffs' own allegations, invalid activity can occur on a publisher's website through no fault of the publisher. *Id.* ¶¶ 24-25. Thus, although termination for invalid activity may strike innocent publishers as unfair, the allegations in the FAC and the express terms of the AdSense contracts are in accord that termination for invalid activity is not a termination for breach of a publisher's covenants with Google.

The allegations in the FAC indicate that the accounts belonging to plaintiffs Free Range Content, Inc. ("FRC") and Matthew Simpson were terminated for "invalid activity" on their respective websites. FAC ¶¶ 32, 58. While FRC and Simpson may dispute the accuracy of that basis for termination, it is clear that whatever "unpaid amounts" Google withheld in connection with the termination of their accounts was, under the terms of the AdSense contracts, for invalid activity and not for breach of contract. FRC and Simpson therefore cannot plausibly claim that the withheld amount constituted liquidated damages under California law because the withholding did not arise from a breach of the AdSense contracts. *See Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 931-32 (1985) (bank overdraft fees are not liquidated damages because depositors do not covenant to avoid writing overdraft checks).

The claims of plaintiffs Coconut Island Software, Inc. ("CIS") and Taylor Chose are more nuanced. CIS alleges that its AdSense account was terminated because its websites "violate the spirit of [Google's] policies." *Id.* ¶ 42. The only explanation that Chose received when Google terminated her account was that it is "important for sites displaying AdSense ads to offer significant value to the user by providing unique and relevant content, and not to place ads on auto-generated pages or pages with little to no content." *Id.* ¶ 50. While neither explanation sounds like a termination for breach of the AdSense agreements, Google allegedly withheld the remaining amount owed to CIS and Chose. *Id.* ¶¶ 44, 52. Because, as has been stated, Google

5

reserves the right to withhold "unpaid amounts" in the event of a termination for breach or for invalid activity, the Court infers that the withholding from CIS and Chose was done on account of breach of contract.

Having surpassed the first hurdle, the Court turns to whether the withholding of "unpaid amounts" at the time of termination is "a fixed and certain sum." "To be sufficiently fixed and certain to qualify as 'liquidated damages,' a provision must either set the exact amount (i.e., a single number), or provide some formula by which the amount is 'certain or readily ascertainable.'" *Bayol v. Zipcar, Inc.*, ---F. Supp. 3d---, No. 14-cv-02483-TEH, 2015 WL 394515, at *2 (N.D. Cal. 2015) (citing *Chodos*, 292 F.3d at 1002). Google here urges the Court to follow *Chodos*, wherein the Ninth Circuit concluded that an author's agreement with a publisher providing for no payments to the author prior to publication and a 15% share of the gross revenues from sales of the work after publication did not constitute a liquidated debt under California Law. *Chodos*, 292 F.3d at 1002-03. The court there reasoned that because the publisher defendant never published the author's book, it was impossible to determine what the revenues on the book would have been. Thus, the court concluded that "[t]he mere existence of a fixed percentage royalty in a contract does not render that royalty a 'liquidated debt,' if the revenues to which that percentage figure is to be applied cannot be calculated with reasonable certainty." *Id.* at 1002.

Plaintiffs, by contrast, argue that the purported liquidated damages provision in this case is more akin to the ones at issue in *Bayol* and *Ruwe*.[2] *See* Pls.' Mot. 9. *Bayol* concerned a standardized fee applied to Zipcar member accounts for returning cars late. The late fee was assessed at $50 per hour, up to $150. *Bayol*, 2015 WL 394515, at *1. Distinguishing *Chodos*, the *Bayol* court concluded that the late fee was a liquidated damages provision because the Zipcar membership agreement sets forth a clear formula for determining the amount of late fees such that "the amount is immediately determined at the time the car is returned." *Id.* at *3-4. *Ruwe*

---

[2] The Court agrees with Google that two other cases cited by Plaintiffs in one of their copious (and frankly excessive) footnotes, *Mahroom v. Best Western Intern., Inc.*, No. C 07-2351 JF (HRL), 2009 WL 2216578 (N.D. Cal. July 22, 2009) and *Atel Fin. Corp. v. Quaker Coal Co.*, 132 F. Supp. 2d 1233 (N.D. Cal. 2001), are inapposite because the courts in those cases did not consider whether the challenged provisions constituted liquidated damages provisions, only whether the provisions were reasonable under the law. *See* Pls.' Mot. 9 n.17; Def.'s Opp. 8 n.9.

6

concerned a $15 reconnect fee for wireless services that the court determined to be liquidated damages. Although the fee was not set forth in the wireless service customer agreement, the Court found that all of the named plaintiffs and purported subclass members had been charged the same fee. *Ruwe*, 613 F. Supp. 2d at 1198 ("If a customer's service is suspended due to nonpayment, the Customer Agreement provides that he is subject to a reconnect fee, and this fee is the same for all customers similarly situated."). As such, a customer could be sufficiently certain of his liability in the event of breach that the reconnect fee constituted liquidated damages. *Id.*

      The challenged termination provision in this case falls somewhere in between the cases offered by Plaintiffs and Google. Paragraph 10 of the TOS simply states: "If we [(Google)] terminate the Agreement due to your breach or due to invalid activity, we [(Google)] may withhold unpaid amounts or charge back your account." It is not clear what "unpaid amounts" means in this context. Google argues that Plaintiffs were never entitled to the "unpaid amounts" and therefore cannot claim them as liquidated damages. Def.'s Opp. 5-7. Within the context of Paragraph 10, however, "unpaid amounts" could mean an "earned balance" that is unpaid, as the same provision also states that "[a]ny earned balance below the applicable threshold will remain *unpaid*." TOS ¶ 10 (emphasis added). The distinction is a fine one that the Court cannot resolve on a motion to dismiss. Similarly, Plaintiffs allege that Google withheld 100% of the amount they were due and seek to represent a class of terminated publishers from whom Google withheld the entire last month of payment. FAC ¶¶ 35, 44, 52, 60, 75. Google counters that while Plaintiffs may allege that that is what happened to them, the AdSense TOS does not provide for an automatic holdback, "which prevents the provision *as written* from being liquidated damages." Def.'s Opp. 9 (emphasis in original). Here, again, the TOS offers no clarity, as the use of the plural "unpaid amounts" in the phrase "we may withhold unpaid amounts" could mean that Google may, at its election, withhold part of a publisher's unpaid balance or it could mean that Google may withhold "unpaid amounts" at its election, but the "unpaid amounts" refers to the entirety of a terminated publisher's last month of unpaid earned balance. If the latter, then a breaching publisher's liability could be reasonably certain at the outset: in the event of a termination, Google may elect to withhold the entire unpaid balance owed to the publisher,

whether it be $0 or $1,000.  Given the early stage of this litigation and the liberality with which leave to amend is granted, the ambiguity works in Plaintiffs' favor and the Court cannot conclude as a matter of law that the "unpaid amounts" Google may withhold is so impossible to determine that the withheld amount cannot constitute liquidated damages.  Plaintiffs should at least have an opportunity to allege additional facts and prove on a more developed factual record that Paragraph 10 of the TOS operates as a liquidated damages provision.  The Court therefore GRANTS reconsideration on that portion of its prior order denying Plaintiffs' an opportunity to amend their liquidated damages claims.

As the Court has already observed, it appears unlikely that plaintiffs FRC and Simpson can plausibly allege that Paragraph 10 of the TOS operated as a liquidated damages provision with respect to their accounts because they were terminated for invalid activity, and not for breach.  Out of an abundance of caution and to avoid further motions for reconsideration, the Court will afford all Plaintiffs an opportunity to properly allege facts in support of their claims for declaratory relief that the AdSense TOS terms allowing Google to withhold "unpaid amounts" on termination constitute invalid and unenforceable liquidated damages provisions under California Civil Code § 1671(b).  This includes Plaintiffs' request to allege additional facts demonstrating that the withholding provision is unreasonable.  Pls.' Mot. 10.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration is GRANTED.  The Court withdraws that portion of its February 12, 2015 order denying Plaintiffs leave to amend their Sixth and Seventh Claims seeking a declaration that Paragraph 10 of the AdSense TOS is an unlawful liquidated damages provision under California Civil Code § 1671(b).  Plaintiffs shall have leave to amend to more properly allege their liquidated damages theory.  The amended complaint must be filed **by no later than September 15, 2015.**

**IT IS SO ORDERED.**

Dated: August 25, 2015

BETH LABSON FREEMAN
United States District Judge

8