1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
   KYLE C. WONG (224021) (kwong@cooley.com)
3  101 California Street, 5th Floor
   San Francisco, CA  94111-5800
4  Telephone:   (415) 693-2000
   Facsimile:   (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., a California corporation, COCONUT ISLAND SOFTWARE, INC., a Hawaii Corporation, TAYLOR CHOSE, a Minnesota resident, and MATTHEW SIMPSON, a British Columbia, Canada resident, on behalf of themselves and all others simply situated,<br><br>            Plaintiff,<br><br>     v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>            Defendant. | Case No.  5:14-cv-02329-BLF<br><br>**DEFENDANT GOOGLE INC.'S OBJECTION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Courtroom:  3<br>Judge:        Hon. Beth Labson Freeman<br>Trial Date:  Not Yet Set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OBJECTION TO PLAINTIFFS' OPPOSITION TO GOOGLE'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT
(5:14-CV-02329-BLF)

1  Defendant Google Inc. ("Google") hereby objects to Plaintiffs Free Range Content, Inc., Coconut Island Software, Inc., Taylor Chose, and Matthew Simpson's (collectively, "Plaintiffs") Opposition to Defendant's Motion to Dismiss Plaintiffs' Third Amended Class Action Complaint ("Opposition") on the grounds that it violates this Court's Standing Order Re Civil Cases, as revised on October 21, 2015 ("Standing Order"), with respect to the use of footnotes.

The Standing Order provides that "[f]ootnotes are to be used sparingly and citations to textual matter shall not be contained in footnotes." (Standing Order at 4.) The Court previously admonished Plaintiffs for their "copious (and frankly excessive) footnotes." (Dkt. No. 91, Order Granting Motion for Reconsideration at 6 n.2). Nonetheless, every page of Plaintiffs' Opposition contains at least two, and as many as *eight*, footnotes, most of which are lengthy. Collectively, through their footnotes, Plaintiffs' Opposition has 451 lines of single-spaced text—equivalent to *more than 16 pages* under the local 28-lines-per-page standard. *See* Civ. L.R. 3-4(c). Indeed, on 12 of the Opposition's 25 pages, the lines of text in the single-spaced footnotes exceed the lines of double-spaced text in the brief's body, in many cases substantially. (*See, e.g.,* Opp. at 3 (10 lines of body text, 32 lines of footnote text); 4; 7 (14 lines of body text, 25 lines of footnote text); 8 (same); 9 (13 lines of body text, 26 lines of footnote text); 14; 15; 16; 17 (15 lines of body text, 24 lines of footnote text); 19; 20; 23.)

In addition to violating the Court's mandate to use footnotes "sparingly," the Opposition violates the Standing Order's second clause by providing the entirety of the legal support for Plaintiffs' textual arguments and/or incorporating significant quotations from such authorities in single-spaced footnotes. (*See, e.g.,* nn. 1, 4, 8, 9, 10, 11, 13, 14, 17, 19, 27, 28, 29, 30, 33, etc.).

For these reasons, Google respectfully objects to Plaintiffs' Opposition as violating the Court's Standing Order. Absent further order from the Court, Google will file its reply brief on December 1, 2015, pursuant to the previously-ordered schedule and within the page limits and other requirements dictated by the applicable rules and the Standing Order.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

OBJECTION TO PLAINTIFFS' OPPOSITION TO GOOGLE'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT
(5:14-CV-02329-BLF)

| | |
|---|---|
| Dated: November 16, 2015 | COOLEY LLP |
| | */s/ Jeffrey M. Gutkin*_____ |
| | Jeffrey M. Gutkin |
| | |
| | MICHAEL G. RHODES (116127) |
| | JEFFREY M. GUTKIN (216083) |
| | KYLE C. WONG (224021) |
| | |
| | Attorneys for Defendant |
| | GOOGLE INC. |

123875194

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

OBJECTION TO PLAINTIFFS' OPPOSITION TO GOOGLE'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT
(5:14-CV-02329-BLF)