Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Jeff D. Friedman
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., a California corporation, COCONUT ISLAND SOFTWARE, INC., a Hawaii corporation, TAYLOR CHOSE, a Minnesota resident, and MATTHEW SIMPSON, a British Columbia, Canada resident, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>Defendant. | No. 5:14-cv-02329-BLF<br><br>PLAINTIFFS' MEMORANDUM IN RESPONSE TO GOOGLE INC.'S OBJECTION OF NOVEMBER 16, 2015 |

010450-11 830440 V1

1  Plaintiffs respectfully submit this memorandum in response to Google Inc.'s objection to
2  their opposition to its pending motion to dismiss, Dkt. No. 100.
3  Plaintiffs did not intend to violate any part of the Court's revised standing order of October
4  21, 2015.  Rather, plaintiffs worked hard to keep their opposition to Google's motion to dismiss as
5  concise and readable as possible, and they believe that they accomplished that goal.  But there was
6  much to address.  Again, Google has moved to dismiss all four plaintiffs' seven claims, with even
7  more cited authorities than before.  In its previous motion, Dkt. No. 38, Google cited to 59 cases,
8  whereas in its current motion, it cited to even more: 63 cases (Dkt. No. 94).  Yet this time, plaintiffs
9  had less pages with which to respond: 25 pages this time, versus 30 pages the last time.  (Dkt. No.
10 34.)
11 Furthermore, Google again submitted copious exhibits with its motion, including the Wong
12 Declaration, which includes *32* exhibits, and which consists of a total of *190* pages, not counting
13 exhibit number pages.  It also re-submitted the Gray Declaration, which includes *12* more exhibits,
14 and which consists of *48* pages, not including exhibit number pages.  And this is all with respect to a
15 motion to dismiss, where factual determinations are impermissible.  In fact, Google re-submitted all
16 of this material (three exhibits are new) even after the Court said at the hearing on its previous motion
17 to dismiss: "I don't think they [the proffered exhibits] are that relevant at the level of review I am
18 giving the matter now."  (Dkt. No. 77 (Trans. of Feb. 12, 2015 hearing) at 3-4.)  Google must not,
19 either, because it does not cite to page numbers of these many exhibits (though it marked a few), and
20 most pages are junk excerpts that it says nothing about whatsoever.
21 But some of Google's extraneous materials required the significant use of space for plaintiffs
22 to unravel and rebut.  In particular, plaintiffs expended over three-and-a-half pages responding to
23 misleading characterizations of the record, and groundless assertions, that Google had made with
24 respect to them.  (*Cf.* Resp. to MTD (Dkt. No. 99) at 4-7 *with* MTD (Dkt. No. 94) at 5-7, 8-9.)
25 Although Google's assertions of contested fact are improper on a motion to dismiss, nonetheless,
26 some called out for detailed responses.
27 While drafting plaintiffs' opposition brief, counsel for plaintiffs was unaware that the Court
28 had revised its standing order to provide that footnotes should be used "sparingly."  There was no

PLAINTIFFS' MEMORANDUM IN RESPONSE
TO GOOGLE'S OBJECTION OF NOVEMBER 16, 2015 - 1
Case No. 5:14-cv-02329-BLF
010450-11 830440 V1

1   intention to violate this provision or any other, including the proviso that "citations to textual matter

2   shall not be contained in footnotes."  (As to the latter proviso, it appears that Google violated it by

3   way of its nn. 1 and 21.  (MTD at 3, 19.).)  Rather, plaintiffs' intention was to address all of Google's

4   arguments concisely but thoroughly, in response to its motion to dismiss plaintiffs' entire case.

5        Civility on Google's part would have gone a long way.  Had counsel for Google picked up

6   the telephone and called counsel for plaintiffs—which counsel for Google did not—the parties might

7   well have worked-out Google's objection short of these additional filings.  For example, Google

8   could have requested a few more pages in reply, or a reasonable extension of time (the hearing is not

9   until February 18, 2016, per the current schedule).  The parties could have presented any such

10  accommodation to the Court as a proposed stipulation, with plaintiffs advising that certainly they

11  would revise their brief if requested by the Court.

12       In conclusion, plaintiffs did not intend to violate any aspect of the Court's revised standing

13  order.  Google claims no prejudice, and it could demonstrate none if it did.  Plaintiffs will bear the

14  revised rule regarding footnotes in mind going forward, as well as the rest of the Court's standing

15  order.  They respectfully ask that Google's objection be overruled.

16  DATED:  November 16, 2015                    HAGENS BERMAN SOBOL SHAPIRO LLP

17                                                 By  */s/ Robert F. Lopez*
                                                        Steve W. Berman (*pro hac vice*)
18                                                 Robert F. Lopez (*pro hac vice*)
19                                                 1918 Eighth Avenue, Suite 3300
                                                   Seattle, WA 98101
20                                                 Telephone: (206) 623-7292
                                                   Facsimile: (206) 623-0594
21                                                 steve@hbsslaw.com
                                                   robl@hbsslaw.com
22
                                                   Jeff D. Friedman
23                                                 715 Hearst Avenue, Suite 202
                                                   Berkeley, CA 94710
24                                                 Telephone: (510) 725-3000
                                                   Facsimile: (510) 725-3001
25                                                 jefff@hbsslaw.com

26                                                 *Attorneys for Plaintiffs and the Proposed Class*

27

28

PLAINTIFFS' MEMORANDUM IN RESPONSE
TO GOOGLE'S OBJECTION OF NOVEMBER 16, 2015 - 2
Case No. 5:14-cv-02329-BLF
010450-11  830440 V1

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2015, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

Dated: November 16, 2015                     /s/ *Robert F. Lopez*
                                             Robert F. Lopez