

Jeffrey M. Gutkin
+1 415 693 2026
jgutkin@cooley.com


September 8, 2016


The Honorable Howard R. Lloyd
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 2 - 5th Floor
280 South 1st Street, San Jose, CA 95113


Re:   Free Range, Inc, et al. v. Google Inc., No. 14-CV-02329

Dear Judge Lloyd:

Per the court's request, attached hereto is the email I sent to hrlcrd@cand.uscourts.gov on September 7, 2016 regarding a protective order dispute in the above-titled action.


Sincerely,

/s/ Jeffrey M. Gutkin

Jeffrey M. Gutkin


JMG:arv
Enclosure

| | |
|---|---|
| **From:** | Gutkin, Jeff |
| **Sent:** | Wednesday, September 07, 2016 8:07 PM |
| **To:** | hrlcrd@cand.uscourts.gov |
| **Cc:** | Rob Lopez |
| **Subject:** | Joint Request for Judge Lloyd - Free Range, Inc, et al. v. Google Inc., No. 14-CV-02329 |

Ms. Cromwell,

I represent Google, Inc. in *Free Range, Inc, et al. v. Google Inc.*, No. 14-CV-02329, in which Judge Lloyd is acting as the assigned magistrate. I write with the knowledge of Plaintiffs' counsel, who are cc'd on this email. The parties have a narrow dispute regarding the appropriate form of protective order for this action, and we are writing in an attempt to try to expedite the resolution of that dispute by Judge Lloyd.

The crux of the dispute concerns whether: 1) as Google contends and as Section 7.4 of the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order") provides, the parties should be required to disclose any experts or consultants with whom the other party's documents designated as "Highly Confidential - Attorneys' Eyes Only" will be shared and to provide each other an opportunity for objection to such experts or consultants or 2) as Plaintiffs contend and as the alternative language set forth in footnote 7 of the Model Order provides, such disclosures should only be required when the experts or consultants are a "current officer, director, or employee of a competitor of a Party or anticipated to become one." The parties have met and conferred extensively regarding this dispute, over the course of numerous teleconferences, and, although they are otherwise in agreement on the appropriate provisions for the protective order in this action, they are unable to agree on which version of this provision should be adopted. The parties do not believe an in-person meet and confer regarding this dispute would be productive, as the dispute is narrow and straightforward.

The parties are unclear whether this dispute regarding the protective order falls under Judge Lloyd's Standing Order Concerning Civil Discovery Disputes. However, the parties wish to jointly propose a procedure for promptly resolving this dispute, for his Honor's approval. The parties propose to file a joint letter brief in which each party will have up to 4 single-spaced pages to explain its position, accompanied by up to one supporting declaration (which Google will use to explain its need for the protections in the Model Order and which Plaintiffs may or may not utilize). The parties would propose to file this joint letter brief on Thursday, September 15, 2016. The parties then request that Judge Lloyd convene a hearing at his earliest convenience to hear argument regarding this dispute.

The parties respectfully request Judge Lloyd's approval of this proposed approach to bringing this dispute to resolution, and are prepared to respond to any questions the court may have. Thank you.

**Jeff Gutkin**
Litigation Partner
Cooley LLP • 101 California Street • 5th Floor
San Francisco, CA  94111-5800
Direct: (415) 693-2026 • Fax: (415) 693-2222
Email: jgutkin@cooley.com • www.cooley.com