E-filed 10/11/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE RANGE CONTENT, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No.14-cv-02329-BLF   (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #1**<br><br>Re: Dkt. No. 132 |

The parties have agreed to all but one term in a Stipulated Protective Order. They request that the court resolve their dispute over which language from the court's model protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets ("the model order") should apply to the disclosure of another party's Highly Confidential—Attorneys' Eyes Only ("Highly Confidential") information to an expert or consultant. Plaintiff Free Range Content, Inc. ("Free Range") argues that the language in footnote 7 of the model order should govern, while defendant Google, Inc. ("Google") argues that Section 7.4(a)(2) of the model order should apply.

Footnote seven of the model order allows disclosure of Highly Confidential information to a non-testifying expert without revealing the expert's identity to the designating party "as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one." Model Order, n. 7. In contrast, Section 7.4(a)(2) requires the party seeking to disclose highly confidential information to a non-testifying expert to first reveal the expert's name, resume, employer, and clients, among other information, and allows the designating party an

opportunity to object.

## Background

This is a potential class action suit regarding Google's AdSense program. In this program, Google sells advertising space to third-party advertisers, and AdSense program participants like Free Range publish the ads Google sends them. The advertisers pay Google, and Google pays the publishers, based on the traffic their sites generate for the advertisers. Dkt. No. 132, p. 1. This lawsuit concerns plaintiffs' allegations that Google withheld unpaid earnings when it terminated their AdSense accounts. *Id.*

Google employs a team to filter out "spam"—false clicks or views intended to fraudulently pull more money from advertisers for web traffic that does not exist. Dkt. No. 132, p. 7. In the present dispute, Google seeks the more protective language in the court's model protective order to prevent competitors or spammers from learning about Google's filters. *Id.* Google asserts that inadvertent disclosure of its filtering procedures would damage AdSense's reputation and Google's competitive advantage. *Id.*

Free Range argues that the identity of its consulting experts represents protected work product information that is not typically discoverable, and that Google has failed to make a sufficient showing to justify requiring disclosure. Dkt. No. 132, pp. 3-5. Additionally, Free Range offers a compromise, in which it will conduct a reasonable investigation into its consulting experts to ensure that they are not past, present, or anticipated future competitors of Google. *Id.* at p. 3.

## Discussion

Upon a showing of good cause, the Court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "requiring that trade secret or other confidential . . . commercial information not be revealed, or be revealed only in a specified way." *See* Fed. R. Civ. P. 26(c)(1)(G); *Nygren et al. v. Hewlett-Packard Co.*, No. C07-05793-JW (HRL), 2008 WL 2610558, at *1 (N.D. Cal. July 1, 2008). Good cause generally requires the moving party to show that "specific prejudice or harm" will result absent a protective order. *Kelora Systems, LLC v. Target Corp.*, No. C-11-01548 (LB), 2011 U.S. Dist. LEXIS

96724, at *6 (N.D. Cal. Aug. 29, 2011). The Northern District has approved and posted a model protective order to its website (http://www.cand.uscourts.gov/model-protective-orders). "[T]he court treats [its] model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information." *Id.* at *7.

Free Range argues that Google seeks to discover protected work product (the identities of consulting experts), and so Google must show "substantial need" for this information. Dkt. No. 132, p. 4, citing *Corley v. Google, Inc.*, 16-cv-00473-LHK (HRL), 2016 WL 3421402, at *3 (N.D. Cal. June 22, 2016). Free Range, relying on this court's opinion in *Corley v. Google*, argues that Google fails to make such a showing, characterizing defendant's concerns as "unexceptional" and "no more than the ordinary risks 'inherent to the civil discovery of confidential information.'" Dkt. No. 132, at p. 5, quoting *Corley*, 2016 WL 3421402, at *3.

In *Corley*, however, defendant Google's showing was particularly weak, and the plaintiffs made a showing of good cause. In that case, Google argued it needed to know the identities of consulting experts (1) to guard against harms the experts might inflict and (2) because Google is uniquely vulnerable to abuse of its confidential information as a result of its high profile and status as a frequent litigant.[1] 2016 WL 3421402 at *3. The court found these risks generic and unpersuasive. *Id.* In contrast, the plaintiffs in *Corley* established good cause for preserving consulting experts' anonymity by showing that they would have experienced significant difficulty hiring experts if their identities were disclosed. *Id.*

The court is persuaded that *Corley* is distinguishable here with respect to the showings of both the defendant and the plaintiffs. In the present case, Google argues that its spam filters and signals are the subjects of "more than a hundred thousand Google personnel hours" each year, and that spammers are "constantly" trying to find new ways of defeating Google's defenses. Dkt. No. 132, Lobel-Fried Decl. at ¶ 3. Google also specifically described the great pains it takes to ensure the secrecy of its filter information, both on a regular basis and in connection with the present litigation. *Id.* at ¶¶ 4, 7-8. These measures are necessary, Google asserts, to "maintain advertiser

---

[1] The court cited a third justification provided by Google, as well, but it is not relevant here.

trust" in its products and to guard against the negation of its filtering efforts should the information fall into the hands of bad actors. *Id.* at ¶¶ 5, 6. These allegations of specific prejudice or harm—that a bad actor with access to Google's confidential information could undermine all of its described efforts—combined with the fact that Google is asking for a presumptively reasonable provision in the court's model protective order, distinguishes Google's showing from that made in *Corley*. Google here shows the substantial need for protection that was lacking in the earlier case.

Free Range, on the other hand, fails to show good cause for the (albeit presumptively reasonable) provision it requests. In contrast to the *Corley* plaintiffs' showing that they would have trouble finding experts if the court adopted Google's preferred provision, Free Range here asserts that (1) the parties are not competitors, (2) the provision Google requests exposes work product, (3) Google's provision adds "needless delay and complexity," and (4) "such a provision can be used strategically." Dkt. No. 132, pp. 2-3. While the parties here are not competitors, this fact does not amount to a showing of good cause.[2] The court is not persuaded by reasons 2 and 4, as the court surely took these risks into account when drafting the language of the model protective order that Google prefers, and Free Range makes no specific showing of prejudice or harm beyond reciting these concerns in general terms. Finally, Google's compromise offers—to reduce its time to object to disclosure to an expert from 14 days to 4 business days and to half its time to oppose a motion for disclosure—mitigate Free Range's concerns about needless delay.

## Conclusion

The court is persuaded that Google has succeeded and Free Range has failed to make the requisite showing justifying its preferred provision. The court instructs the parties to include the language from Section 7.4(a)(2) of the court's model protective order in their stipulated protective order. Additionally, the court orders Google to reduce its time for objections to experts from 14 days to 4 business days and to half its time to oppose motions for disclosure.

**IT IS SO ORDERED.**

---

[2] Free Range cites a case in which the fact that the parties were not competitors persuaded the court, but in that case, the defendant did not provide any authority in which the parties were not competitors to support its position. *See Nygren v. Hewlett-Packard Co.*, No. C07-05793-JW (HRL), 2008 WL 2610558, at *1 (N.D. Cal. July 1, 2008).

4

1  Dated: 10/11/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5