UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., ET AL., <br><br>Plaintiffs, <br><br>v. <br><br>GOOGLE INC., <br><br>Defendant. | Case No.  14-cv-02329-BLF <br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** <br><br>[Re:  ECF 140] |

Before the Court is an administrative motion to seal (1) Exhibits 3–4, 6, 10–13, 15–46, and 49–52 to the Declaration of Steve W. Berman in support of Plaintiffs' Motion for Class Certification ("Berman Declaration"); (2) portions of Plaintiffs' Motion for Class Certification; and (3) portions of the Declaration of Stephen Kiraly in Support of Plaintiffs' Motion for Class Certification ("Kiraly Declaration").  Pls.' Admin. Mot. to File Documents Under Seal ("Mot."), ECF 140.  For the reasons discussed below, the motion is GRANTED IN PART.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the

1  submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
2  material" which "lists in table format each document or portion thereof that is sought to be
3  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
4  highlighting or other clear method, the portions of the document that have been omitted from the
5  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
6  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
7  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Although Defendant Google Inc. ("Google") argues that this motion should be resolved under the less stringent good cause standards, *see* Def.'s Resp. to Pl.'s Admin. Mot. to Seal ("Resp.") 3, ECF 153, the Court disagrees. "Since the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group*, 809 F.3d 1092, 1099 (9th Cir. 2016), most district courts to consider the question have found that a motion for class certification is 'more than tangentially related to the underlying cause of action' and therefore merits application of the 'compelling reasons' standard." *Philips v. Ford Motor Co.*, No. 14-cv-2989, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (collecting cases). Accordingly, the Court will resolve the sealing motion at issue under the compelling reasons standard. With this standard in mind, the Court rules on the instant motion as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 140-7 | Ex. 3 to Berman Declaration | DENIED. | Google does not seek to have this exhibit filed under seal. Resp. 5. |
| 140-8 | Ex. 4 to Berman Declaration | DENIED. | Google does not seek to have this exhibit filed under seal. Resp. 5. |
| 140-9 | Ex. 6 to Berman Declaration | GRANTED. | Excerpts from the deposition of James Gray that contain information regarding policy related to Google's AdSense systems. Loebel-Fried Decl. ISO Resp. ¶ 9 ("Loebel-Fried Decl."), ECF 153-1. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| 141-1 | Ex. 10 to Berman Declaration | GRANTED as to:<br><br>3:1–5, 10–15, 22–25;<br><br>DENIED as to the remainder. | Excerpts from the deposition of James Gray that contain information regarding policy related to Google's AdSense systems.  Loebel-Fried Decl. ¶ 9. |
| 141-2 | Ex. 11 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 141-3 | Ex. 12 to Berman Declaration | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense.  Contain non-public, confidential, proprietary information, as well as personal identifying information and contact information of certain Google employees.  Loebel-Fried Decl. ¶ 8. |
| 141-4 | Ex. 13 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 141-5 | Ex. 15 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 141-6 | Ex. 16 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 141-7 | Ex. 17 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |

| | | | |
|---|---|---|---|
| 141-8 | Ex. 18 to Berman Declaration | GRANTED as to portions highlighted in ECF 154-5 (Portions of pages GOOGFRNG-00005928—GOOGFRNG-00005252). DENIED as to the remainder. | E-mail conversations between Google personnel and certain named plaintiffs that contain personal identification information and contact information of certain Google personnel. Loebel-Fried Decl. ¶ 11. |
| 141-9 | Ex. 19 to Berman Declaration | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense. Contain non-public, confidential, proprietary information, as well as personal identifying information and contact information of certain Google employees. Loebel-Fried Decl. ¶ 8. |
| 141-10 | Ex. 20 to Berman Declaration | GRANTED as to portions highlighted in ECF 154-7 (Portions of page GOOGFRNG-00005224). DENIED as to the remainder. | E-mail conversations between Google personnel and certain named plaintiffs that contain personal identification information and contact information of certain Google personnel. Loebel-Fried Decl. ¶ 11. |
| 141-11 | Ex. 21 to Berman Declaration | GRANTED as to portions highlighted in 154-9 (Portions of pages GOOGFRNG-00005248 – GOOGFRNG-00005252). DENIED as to the remainder. | E-mail conversations between Google personnel and certain named plaintiffs that contain personal identification information and contact information of certain Google personnel. Loebel-Fried Decl. ¶ 11. |
| 141-12 | Ex. 22 to Berman Declaration | GRANTED as to:<br><br>3:14–17, 23–25; 4:1–3, 21–25;<br><br>DENIED as to the remainder. | Excerpts from the deposition of Zachary Loebel-Fried that contain confidential information regarding Google's invalid activity detection processes and spam termination policy. Loebel-Fried Decl. ¶ 15. |
| 141-13 | Ex. 23 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions. Loebel-Fried Decl. ¶ 7. |

| | | | |
|---|---|---|---|
| 141-14 | Ex. 24 to Berman Declaration | GRANTED as to:<br><br>3:3–4, 7–9, 13–15, 18–25;<br>4:1–18;<br><br>DENIED as to the remainder. | Excerpts from the deposition of James Gray that contain information regarding policy related to Google's AdSense systems.  Loebel-Fried Decl. ¶ 9. |
| 141-15 | Ex. 25 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-1 | Ex. 26 to Berman Declaration | GRANTED as to:<br><br>3:11–25;<br><br>DENIED as to the remainder. | Excerpts from the deposition of Zachary Loebel-Fried that contain confidential information regarding Google's invalid activity detection processes and spam termination policy.  Loebel-Fried Decl. ¶ 15. |
| 142-2 | Ex. 27 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-3 | Ex. 28 to Berman Declaration | GRANTED as to:<br><br>3:7–23;<br><br>DENIED as to the remainder. | Excerpts from the deposition of Ray Liu that contain confidential information regarding Google's AdSense publisher quality and termination policy and practices.  Loebel-Fried Decl. ¶ 13. |
| 142-4 | Ex. 29 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-5 | Ex. 30 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |

| | | | |
|---|---|---|---|
| 142-6 | Ex. 31 to Berman Declaration | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense. Contain non-public, confidential, proprietary information, as well as personal identifying information and contact information of certain Google employees.  Loebel-Fried Decl. ¶ 8. |
| 142-7 | Ex. 32 to Berman Declaration | GRANTED as to:<br><br>3:6–12, 18–24;<br><br>DENIED as to the remainder. | Excerpts from the deposition of Zachary Loebel-Fried that contain confidential information regarding Google's invalid activity detection processes and spam termination policy.  Loebel-Fried Decl. ¶ 15. |
| 142-8 | Ex. 33 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-9 | Ex. 34 to Berman Declaration | GRANTED as to:<br><br>3:8–13, 20–25; 4:1–19;<br><br>DENIED as to the remainder. | Excerpts from the deposition of James Gray that contain information regarding policy related to Google's AdSense systems.  Loebel-Fried Decl. ¶ 9. |
| 142-10 | Ex. 35 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-11 | Ex. 36 to Berman Declaration | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense. Contain non-public, confidential, proprietary information, as well as personal identifying information and contact information of certain Google employees.  Loebel-Fried Decl. ¶ 8. |

| | | | |
|---|---|---|---|
| 142-12 | Ex. 37 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-13 | Ex. 38 to Berman Declaration | GRANTED as to:<br><br>3:8–25;<br>4:1–25;<br>5:1–16;<br><br>DENIED as to the remainder. | Excerpts from the deposition of James Gray that contain information regarding policy related to Google's AdSense systems.  Loebel-Fried Decl. ¶ 9 |
| 142-14 | Ex. 39 to Berman Declaration | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense. Contain non-public, confidential, proprietary information, as well as personal identifying information and contact information of certain Google employees.  Loebel-Fried Decl. ¶ 8. |
| 142-15 | Ex. 40 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-16 | Ex. 41 to Berman Declaration | GRANTED as to:<br><br>3:4–24;<br><br>DENIED as to the remainder. | Excerpts from the deposition of Ray Liu that contain confidential information regarding Google's AdSense publisher quality and termination policy and practices.  Loebel-Fried Decl. ¶ 13. |
| 142-17 | Ex. 42 to Berman Declaration | GRANTED as to:<br><br>9:7–10;<br><br>DENIED as to the remainder. | Google's Objections and Responses, and Supplemental Objections and Responses, to Plaintiffs' First Set of Interrogatories that contain confidential information related to Google's AdSense publisher termination policy and practices.  Loebel-Fried Decl. ¶ 17. |

| | | | |
|---|---|---|---|
| 142-18 | Ex. 43 to Berman Declaration | GRANTED as to:<br><br>6:2–9;<br>7:16–28;<br>8:2–9;<br>9:2–8;<br><br>DENIED as to the remainder. | Google's Objections and Responses, and Supplemental Objections and Responses, to Plaintiffs' First Set of Interrogatories that contain confidential information related to Google's AdSense publisher termination policy and practices. Loebel-Fried Decl. ¶ 17. |
| 142-19 | Ex. 44 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-20 | Ex. 45 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-21 | Ex. 46 to Berman Declaration | GRANTED as to:<br><br>3:18–25;<br><br>DENIED as to the remainder. | Excerpts from the deposition of Zachary Loebel-Fried that contain confidential information regarding Google's invalid activity detection processes and spam termination policy.  Loebel-Fried Decl. ¶ 15. |
| 142-22 | Ex. 49 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-23 | Ex. 50 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |
| 142-24 | Ex. 51 to Berman Declaration | GRANTED. | Consists entirely of internal Google data related to its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions and discussions.  Loebel-Fried Decl. ¶ 7. |

| 142-25 | Ex. 52 to Berman Declaration | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense. Contain non-public, confidential, proprietary information, as well as personal identifying information and contact information of certain Google employees. Loebel-Fried Decl. ¶ 8. |
|---|---|---|---|
| 140-4 | Plaintiffs' Motion for Class Certification | GRANTED as to:<br><br>table of contents iii, heading II.J;<br>4:26–27;<br>5:1, 18–19;<br>6:1–2, 10–12, 16;<br>7:4–5, 16, 23–24;<br>8:3–11, 14, 26–28;<br>9:1–6, 8–9, 12–14, 15–17, 19–21, 23–27;<br>10:2–6, 12, 14, 16–23, 27;<br>11:1–3;<br>17:25–27;<br>18:1;<br>19:6–8, 14–16;<br>22:22–23, 28;<br>23:1–4<br>(as highlighted in 140-4)<br><br>DENIED as to the remainder. | The identified portions contain confidential, valuable information related to the practices and policies Google uses to ensure the health and integrity of its AdSense systems and Google's processes related to advertiser payment and publisher payment information. Loebel-Fried Decl. ¶¶ 2–3. |
| 140-6 | Kiraly Declaration | GRANTED as to:<br><br>2:17–19;<br>3:2–3, 5–6, 13, 15–20, 22;<br>4:1–2, 4–8, 11–14, 16;<br>(as highlighted in 140-6)<br><br>DENIED as to the remainder. | Contains non-public confidential, proprietary Google business information that would cause harm to Google were it publicly disclosed. Loebel-Fried Decl. ¶¶ 5–6. |

### III.   ORDER

For the foregoing reasons, the sealing motion at ECF 140 is GRANTED IN PART and DENIED IN PART. Under Civil Local Rule 79-5(e)(2), for any request that has been denied

10

1  because the party designating a document as confidential or subject to a protective order has not
2  provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser
3  redacted) documents into the public record no earlier than 4 days and no later than 10 days from
4  the filing of this order.  To simplify the docket, the Court requests that Plaintiffs refile the public
5  version, *i.e.*, redacted version, of their motion for class certification and the related declarations
6  and exhibits to replace the currently filed public versions thereof.

**IT IS SO ORDERED.**

Dated: March 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge