UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., ET AL., <br><br>Plaintiffs, <br><br>v. <br><br>GOOGLE INC., <br><br>Defendant. | Case No. 14-cv-02329-BLF <br><br>**ORDER RE DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br>[Re: ECF 185] |

Before the Court is an administrative motion to seal in their entirety or redact certain documents filed with its opposition to Plaintiffs' motion for class certification ("Opposition"). Def.'s Admin. Mot. to File Documents Under Seal ("Mot."), ECF 185. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method,

2

the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Although Defendant Google Inc. ("Google") argues that this motion should be resolved under the less stringent good cause standards, *see* Mot. 3 n.1, the Court disagrees. As the Court noted in its prior order, "[s]ince the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group*, most district courts to consider the question have found that a motion for class certification is 'more than tangentially related to the underlying cause of action' and therefore merits application of the 'compelling reasons' standard." *Philips v. Ford Motor Co.*, No. 14-cv-2989, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (collecting cases). Accordingly, the Court will resolve the sealing motion under the compelling reasons standard. With this standard in mind, the Court rules on the instant motion as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 176-50 | Google's Opposition to Pl.'s Mot. for Class Cert. | GRANTED as to:<br>1:2, 25-26;<br>2:1-2;<br>5:3-14, 18-21;<br>6:3-15, 17-25, 27-28;<br>7:1-4, 7-8, 10-24;<br>8:1-3, 5, 7-8;<br>9:18-20;<br>10:4-5, 23-24;<br>11:3-6, 16-20;<br>14:27-28;<br>15:1;<br>16:14, 23-24, 25-26;<br>19:6, 17-23;<br>21:9-10, 19-23;<br>23:1, 4-8, 15;<br>25:14, 21-22;<br>26:18, 28;<br>27:1;<br>28:6-8; | Contains sensitive information related to proprietary data, processes, systems, and policies that Google uses to detect and prevent invalid activity, and to terminate non-compliant publishers in order to ensure the integrity and security of its AdSense systems, as well as information about Google's processes related to advertiser payment and publisher payment information. Li Decl. ISO Mot. ("Li Decl.") ¶¶ 2–4, ECF 185-1. This information is non-public and confidential. *Id.*<br><br>The Court denies the identified portions because Plaintiffs, the designating party, do not seek to seal these portions. *See* Pl.'s Response to Mot. ("Pl.'s Resp."), ECF 189; Lopez Decl. ISO Pl.'s Resp. ("Lopez Decl."), ECF 189-1. |

3

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | DENIED as to:<br>1:24-25;<br>8:11-24;<br>9:4-7, 28;<br>10:1-4, 11-13;<br>11:1-2, 12-14;<br>15:9-12, 20;<br>16:9-11, 20-22. | |
| 191 | Declaration of Ray Liu in Support of Google's Opposition to Plaintiffs' Motion for Class Certification | GRANTED as to:<br>2:10-15, 19-21;<br>3:16-17<br>4:6, 11-28;<br>5:13-17, 24-28;<br>6:4-12, 20-24, 27-28;<br>7:1-4, 20-22;<br>8:11-19, 22-24;<br>9:25-28;<br>10:11-17, 21;<br>11:21-24;<br>12:10-13, 23-26;<br>13:8-23;<br>14:1-28;<br>15:1-5;<br><br>DENIED as to:<br>9:21-22;<br>10:2-8, 27-28;<br>11:1-6, 13-15, 28;<br>12:2-7, 17-19. | Contains non-public, confidential, proprietary information about the processes and systems Google uses to detect publisher violations of AdSense's policy guidelines, and its practices in terminating such publishers for policy violations. Li Decl. ¶ 6.<br><br>The Court denies the identified portions because, Plaintiffs, the designating party, do not seek to seal these portions. *See* Pl.'s Resp.; Lopez Decl. |
| 187-1 | Loebel-Fried Declaration | GRANTED as to:<br>1:19-27;<br>2:1-26;<br>3:2-4, 6-9, 13-16;<br>4:9-12, 18-19, 23;<br>5:2, 12-27;<br>6:1-28;<br>7:1-12, 15-28;<br>8:1-28;<br>9:1-26;<br>10:1-8, 10-13, 18-21;<br>11:3-12, 18-22;<br>12:5-10, 21-26;<br>13:1-14, 17-28;<br>14:1-8, 19-28;<br>15:1-28;<br>16:1-10, 15-28; | Contains non-public, confidential, proprietary information concerning Google's internal data, processes, systems, and policies used in detecting spam and terminating publishers who have invalid activity on their accounts. Li Decl. ¶ 9. |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | 17:1-21, 24-25, 27; 18:1-28; 19:4-28; 20:1-23, 26-28; 21:1-9, 11-16, 18-22, 25-27; 22:1-2, 4-16. | |
| 176-2 | Ex. 1 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-3 | Ex. 2 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-4 | Ex. 3 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-5 | Ex. 4 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-6 | Ex. 5 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-7 | Ex. 6 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-8 | Ex. 7 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-9 | Ex. 8 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-10 | Ex. 9 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-11 | Ex. 10 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li |

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| | | | Decl. ¶ 11. |
| 176-12 | Ex. 11 to Loebel-Fried Declaration | GRANTED. | Contains sensitive information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 11. |
| 176-13 | Ex. 12 to Loebel-Fried Declaration | GRANTED. | Contains internal sample sets of information related to publishers whose accounts have been terminated, as well as internal account notes related to their accounts' terminations. Li Decl. ¶ 13. This information is sensitive, non-public, confidential, proprietary business information. *Id.* ¶ 14. |
| 176-17 | Tuzhilin Declaration | GRANTED as to; 3:8-9; 9:5-28; 10:1-28; 13:21-28; 14:1-28; 15:1-28; 16:1, 4-15, 17-28; 17:1-28; 18:1-10, 16-28; 19:1-28; 20:1-13, 16-28; 21:1-28; 22:1-12, 14-19, 21-28; 23:1-2 | Contains an in-depth analysis of Google's data, systems, processes, and policies used in detecting invalid activity. Li Decl. ¶ 15. This information is non-public, confidential, proprietary business information. *Id.* |
| 176-18 | Ex. 2 to Tuzhilin Declaration | GRANTED. | Collection of internal graphs and reports that contain sensitive, non-public, confidential information about the data, processes, systems, and policies that Google uses to detect invalid activity. Li Decl. ¶ 17. |
| 176-19 | Ex. 1 to Wong Declaration | GRANTED. | Excerpts from Google's Answers and Supplementary Answers to Plaintiffs' First Set of Interrogatories that contain sensitive, confidential information regarding Google's AdSense spam and publisher quality termination policy and practices. Li Decl. ¶ 19. |
| 176-20 | Ex. 2 to Wong Declaration | GRANTED. | Excerpts from Google's Answers and Supplementary Answers to Plaintiffs' First Set of Interrogatories that contain sensitive, confidential information regarding Google's AdSense spam and |

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| | | | publisher quality termination policy and practices. Li Decl. ¶ 19. |
| 176-21 | Ex. 3 to Wong Declaration | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-22 | Ex. 4 to Wong Declaration | GRANTED as to portions identified in ECF 189-3. | Contains the personal e-mail address of a non-party. Lopez Decl. ¶ 2. |
| 176-23 | Ex. 5 to Wong Declaration | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-25 | Ex. 6 to Wong Declaration | GRANTED as to highlighted portions (Portions of page GOOG-FRNG-00005892). | Contain information related to the policies and practices Google uses in its termination of the accounts of AdSense publishers who violated AdSense policy. Li Decl. ¶ 21. |
| 176-26 | Ex. 7 to Wong Declaration | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-28 | Ex. 8 to Wong Declaration | GRANTED as to highlighted portions (Portions of pages GOOG-FRNG-00005934-GOOG-FRNG-00005935). | Contain information related to the policies and practices Google uses in its termination of the accounts of AdSense publishers who violated AdSense policy. Li Decl. ¶ 21. |
| 186-1 | Ex. 9 to Wong Declaration | GRANTED as to highlighted portions (Portions of pages GOOG-FRNG-00005928-GOOG-FRNG-00005929). | Contain information related to the policies and practices Google uses in its termination of the accounts of AdSense publishers who violated AdSense policy. Li Decl. ¶ 21. |
| 176-30 | Ex. 10 to Wong Declaration | GRANTED as to highlighted portions (Portions of pages GOOG-FRNG-00007478-GOOG-FRNG-00007489). | Contains sensitive financial information related to Google and the Plaintiffs. Li Decl. ¶ 23. |
| 176-31 | Ex. 11 to Wong Declaration | GRANTED. | Internal Google Account Inspector Notes containing non-public, confidential, proprietary business information related to internal AdSense policy, design, data systems, and programs. Li Decl. ¶¶ 25–26. |
| 176-32 | Ex. 12 to Wong Declaration | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-33 | Ex. 17 to Wong Declaration | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-34 | Ex. 18 to | DENIED. | Plaintiffs, as the designating party, do not |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | Wong Declaration | | seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-36 | Ex. 20 to Wong Declaration | GRANTED as to highlighted portions (Portions of page GOOG-FRNG-00007570). | Contains sensitive financial information related to Google and the Plaintiffs. Li Decl. ¶ 23. |
| 176-37 | Ex. 22 to Wong Declaration | GRANTED. | Internal Google Account Inspector Notes containing non-public, confidential, proprietary business information related to internal AdSense policy, design, data systems, and programs. Li Decl. ¶¶ 25–26. |
| 176-38 | Ex. 23 to Wong Declaration | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-39 | Ex. 25 to Wong Declaration | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-40 | Ex. 26 to Wong Decl. | DENIED. | Plaintiffs, as the designating party, do not seek to seal this document. *See* Pl.'s Resp.; Lopez Decl. |
| 176-41 | Ex. 27 to Wong Declaration | GRANTED. | Internal Google Account Inspector Notes containing non-public, confidential, proprietary business information related to internal AdSense policy, design, data systems, and programs. Li Decl. ¶¶ 25–26. |
| 176-43 | Ex. 30 to Wong Declaration | GRANTED as to: 45:5-9; 79:3-8, 12-19, 22-25. | Collection of excerpts from the deposition of Plaintiffs' damages expert, Stephen Kiraly. Li Decl. ¶ 27. The identified portions consist of discussion and analysis of internal Google data related to Google's detection of invalid activity and the calculation of earnings for publishers. *Id.* |
| 176-45 | Ex. 31 to Wong Declaration | GRANTED as to: 168:10-12, 17-23; 169:1-4, 6-7, 11-19, 21-25 | Excerpt from the deposition of Zachary Loebel-Fried that consists of discussion and analysis of internal Google data related to Google's detection of invalid activity. Li Decl. ¶ 29. |
| 176-47 | Ex. 32 to Wong Declaration | GRANTED as to highlighted portions (Portions of pages GOOG-FRNG-00005787-GOOG-FRNG-00005788). | Contain information related to the policies and practices Google uses in its termination of the accounts of AdSense publishers who violated AdSense policy. Li Decl. ¶ 21. |
| 176-48 | Ex. 33 to | GRANTED. | Excerpts from Google's Answers and |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | Wong Declaration | | Supplementary Answers to Plaintiffs' First Set of Interrogatories that contain sensitive, confidential information regarding Google's AdSense spam and publisher quality termination policy and practices. Li Decl. ¶ 19. |

## III. ORDER

For the foregoing reasons, the sealing motion at ECF 185 is GRANTED IN PART and DENIED IN PART. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. To simplify the docket, the Court requests that Defendant refile the public version, *i.e.*, redacted version, of their opposition to the motion for class certification and the related declarations and exhibits to replace the currently filed public versions thereof.

Dated: May 3, 2017

_____
BETH LABSON FREEMAN
United States District Judge