UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 14-cv-02329-BLF<br><br>**ORDER RE PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 198] |

Before the Court is an administrative motion to seal in their entirety or redact certain documents designated as "Confidential" by Defendant Google Inc. ("Google") filed with Plaintiffs' reply in support of their motion for class certification ("Reply"). Pl.'s Admin. Mot. to File Documents Under Seal ("Mot."), ECF 198. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b),

2

1  and an "unredacted version of the document" that indicates "by highlighting or other clear method,

2  the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-

3  5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the

4  Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that

5  all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Although Google argues that this motion should be resolved under the less stringent good cause standards, *see* Resp. to Mot. 3 n.1, ECF 205, the Court disagrees. As the Court noted in its prior orders, "[s]ince the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group*, most district courts to consider the question have found that a motion for class certification is 'more than tangentially related to the underlying cause of action' and therefore merits application of the 'compelling reasons' standard." *Philips v. Ford Motor Co.*, No. 14-cv-2989, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (collecting cases). Accordingly, the Court will resolve the sealing motion under the compelling reasons standard. With this standard in mind, the Court rules on the instant motion as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 198-15 | Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification | GRANTED as to: 4:6–8, 10–14, 16, 18; 7:10–11; 8:14; 10:11–15; 12:25; 13:7, 13–15; 15:17. | Includes information related to processes and policies that Google uses to detect and prevent invalid activity, and to terminate non-compliant publishers in order to ensure the integrity and security of its AdSense systems. Li Decl. ¶ 2, ECF 205-1. The data and policies referenced contain valuable information related to the practices, processes, and policies Google uses to ensure system health and integrity, and public disclosure would cause competitive harm to Google. *Id.* Also contains information about Google's processes related to advertiser payment and publisher payment information, public disclosure of which could cause competitive harm to Google. *Id.* ¶ 3. |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 198-3 | Ex. 1 to Berman Decl. | GRANTED. | Contains internal Google information related to administration of its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions, public disclosure of which could cause competitive harm to Google. Li Decl. ¶ 5. |
| 198-4 | Ex. 2 to Berman Decl. | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense. Li Decl. ¶ 6. Public disclosure of this information could cause competitive harm to Google. *Id.* |
| 198-6 | Ex. 3 to Berman Decl. | GRANTED as to: 3:2, 4–13, 15–25. | Excerpt from the deposition of Zachary Loebel-Fried that contains information regarding Google's invalid activity detection processes and spam termination policy. Li Decl. ¶ 7. Public disclosure of this information could cause competitive harm to Google. *Id.* |
| 198-7 | Ex. 4 to Berman Decl. | DENIED. | Defendants, as the designating party, do not seek to seal this document. Li Decl. ¶ 10. |
| 198-8 | Ex. 5 to Berman Decl. | DENIED. | Defendants, as the designating party, do not seek to seal this document. Li Decl. ¶ 10. |
| 198-9 | Ex. 6 to Berman Decl. | DENIED. | Defendants, as the designating party, do not seek to seal this document. Li Decl. ¶ 10. |
| 198-10 | Ex. 7 to Berman Decl. | GRANTED. | Contains internal Google information related to administration of its AdSense programs and systems, sensitive publisher financial data, or internal Google policy and program design descriptions, public disclosure of which would cause competitive harm to Google. Li Decl. ¶ 5. |
| 198-11 | Ex. 8 to Berman Decl. | GRANTED. | Internal e-mails that contain conversations between Google employees discussing strategy, policy, and practices related to AdSense. Li Decl. ¶ 6. Public disclosure of this information would cause competitive harm to Google. *Id.* |
| 198-12 | Ex. 9 to Berman Decl. | GRANTED. | Contains internal Google information related to administration of its AdSense programs and systems, sensitive publisher financial data, or internal Google policy |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| | | | and program design descriptions, public disclosure of which would cause competitive harm to Google. Li Decl. ¶ 5. |
| 198-13 | Ex. 10 to Berman Decl. | GRANTED. | Internal Google help page that contains information regarding Google's invalid activity detection process and spam termination policy, and public disclosure of this information could cause competitive harm to Google. Li Decl. ¶ 9. |

## III. ORDER

For the foregoing reasons, the sealing motion at ECF 198 is GRANTED IN PART and DENIED IN PART. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. To simplify the docket, the Court requests that Plaintiffs refile the public version, *i.e.*, redacted version, of their reply to the motion for class certification and the related declarations and exhibits to replace the currently filed public versions thereof.

Dated: June 12, 2017

BETH LABSON FREEMAN
United States District Judge