UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., ET AL., <br> Plaintiffs, <br> v. <br> GOOGLE INC., <br> Defendant. | Case No. 14-cv-02329-BLF <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO SEAL** <br><br> [Re: ECF 227] |

Before the Court is Defendant Google Inc. ("Google")'s motion to redact portions of the Court's Order Granting in Part and Denying in Part Motion for Class Certification, ECF 224. The Court filed its order on class certification under seal pending proposed redactions from the parties. ECF 225. Google timely filed proposed redactions and a supporting declaration on July 21, 2017. ECF 227. Plaintiffs have no proposed redactions for the Order. For the reasons discussed below, the Court GRANTS Defendant's motion.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

Because the sealing motion relates to the Court's order on class certification, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. *Ctr. for Auto Safety*, 809 F.3d at 1101-2 (holding that "public access will turn on whether the motion is more than tangentially related to the merits of a case.")

The Court has reviewed Defendant's sealing motion, declaration in support thereof, and the highlighted portions at 3:27; 4:1-7, 9-10, 17-19; 5:13-18; 6:12-14; 7:5-6; 8:7-8, 10-11; 12:28; 15:10-11; and 31:3-5 of Exhibit 1. The Court finds that Defendant has articulated compelling reasons to seal the portions of the Court's Order Granting in Part and Denying in Part Motion on Class Certification. The redacted sentences include confidential and sensitive information regarding Google's practices, processes and policies to ensure system health and integrity, as well as sensitive financial information involved in Google's payment processes for publishers and advertisers. *See* Li Decl. ¶¶ 2-3, ECF 227-1. The proposed redactions are narrowly tailored and seek only to seal confidential information, consistent with Civil Local Rule 79-5(d)(1)(C). Accordingly, the Court GRANTS Google's motion to seal as to the identified portions of the Court's Order Granting in Part and Denying in Part Motion for Class Certification at ECF 224.

**IT IS SO ORDERED.**

Dated: July 31, 2017

_____
BETH LABSON FREEMAN
United States District Judge