UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 14-cv-02329-BLF<br><br>**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF 244] |

Before the Court is Plaintiffs' administrative motion to file under seal an Exhibit attached to Plaintiffs' motion for preliminary approval of settlement. ECF 244 ("Mot."). The sealing motion is unopposed. For the reasons discussed below, the Court GRANTS Plaintiffs' motion to seal Exhibit B to the Declaration of Robert F. Lopez at ECF 246-2.

## I. LEGAL STANDARD

Historically, there is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's

1  embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
2  court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a
3  'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v.*
4  *Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed Plaintiffs' sealing motion and the declaration of Robert F. Lopez in support thereof. *See* ECF 244, 244-1. Because the sealing motion relates to materials filed with Plaintiffs' motion for preliminary approval of a class action settlement, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. *Philliben v. Uber Techs., Inc.*, No. 14-CV-05615-JST, 2016 WL 9185000, at *2 (N.D. Cal. Apr. 15, 2016); *Kiersey v. eBay, Inc.*, No. 12-CV-01200-JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive."); *See also Johnson v. Quantum Learning Network, Inc.*, No. 15-CV-05013-LHK, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016).

Plaintiffs move to seal Exhibit B to the Declaration of Robert F. Lopez in support of Plaintiffs' motion for preliminary approval of class settlement. *See* ECF 246-2 ("Exhibit B"). Exhibit B contains confidential settlement information regarding the conditions triggering

United States District Court
Northern District of California

1  Defendant's right to terminate and withdraw from the Settlement Agreement. *See generally* Mot.
2  Plaintiffs are not clear as to which standard applies to their administrative motion, arguing that
3  "Courts frequently find *good cause* to seal confidential settlement information." *Id.* (citing *Phillips*
4  *v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002)) (emphasis added). However, Plaintiffs also cite to
5  relevant authority from this District where the court found compelling reasons to seal similar
6  confidential information in a settlement agreement to discourage manipulation of the settlement.
7  *See* Mot. at 1 (citing *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016
8  WL 3879193, at *7 (N.D. Cal. July 18, 2016)).

In *Thomas*, Judge Tigar granted the parties' motion to file under seal the conditions under which the defendant may terminate the settlement, finding that compelling reasons existed to keep the information confidential "in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (citing *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015)). This Court has reviewed Exhibit B to the Lopez Declaration in this case, and agrees with the reasoning in *Thomas* that compelling reasons exist to seal this information. The Court also finds that Plaintiffs' proposed redactions are narrowly tailored. *See* Civil L.R. 79-5(b)

### III.  ORDER

For the foregoing reasons, Plaintiffs' motion to seal at ECF 244 is GRANTED. The redacted version of Exhibit B filed into the public record by Plaintiffs in connection with their motion for preliminary approval of settlement (ECF 246-2) is consistent with this order, so no further documents need to be filed.

Dated: March 7, 2018

_____
BETH LABSON FREEMAN
United States District Judge