1   Steve W. Berman (*pro hac vice*)
    Robert F. Lopez (*pro hac vice*)
2   HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
3   Seattle, WA  98101
    Telephone: (206) 623-7292
4   Facsimile:  (206) 623-0594
    steve@hbsslaw.com
5   robl@hbsslaw.com

6   *Attorneys for Plaintiffs, the Certified Class,*
    *and the Proposed Settlement Class*
7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11  FREE RANGE CONTENT, INC., a                     No. 5:14-cv-02329-BLF
    California corporation, COCONUT ISLAND
12  SOFTWARE, INC., a Hawaii corporation,
    TAYLOR CHOSE, a Minnesota resident, and          [PROPOSED] ORDER GRANTING (1)
13  MATTHEW SIMPSON, a British Columbia,             PRELIMINARY APPROVAL OF CLASS
    Canada resident, on behalf of themselves and     ACTION SETTLEMENT, (2) APPROVAL OF
14  all others similarly situated,                   CLASS NOTICE AND ADMINISTRATION
                                                     FORMS, AND (3) PROVISIONAL
15                                      Plaintiffs,  CERTIFICATION OF SETTLEMENT CLASS

16         v.

17  GOOGLE LLC, a Delaware corporation,              Courtroom:  3
                                                     Judge:      Honorable Beth Labson Freeman
18                                     Defendant.    Trial date: Vacated

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8

WHEREAS, the Court has reviewed and considered the amended Class Action Settlement Agreement (the "Settlement Agreement") entered into by and among plaintiffs Free Range Content, Inc., Coconut Island Software, Inc., Taylor Chose, and Matthew Simpson (collectively, "Plaintiffs") and defendant Google LLC ("Google"), which is attached to the Joint Statement Regarding Modifications to Settlement Agreement and Notice Materials ("Joint Statement") as Exhibit 1 (Dkt. No.253), as well the initial version of the Settlement Agreement, which is attached as Exhibit A to the Declaration of Robert F. Lopez in Support of Plaintiffs' Motion for Preliminary Approval ("Lopez Declaration") (Dkt. No. 246); and

9
10
11
12
13

WHEREAS the Court has reviewed the Lopez Declaration and its other exhibits; Plaintiffs' Motion for Preliminary Approval of Settlement ("Motion") (Dkt. No. 245), Google's response thereto (Dkt. No. 249), and Plaintiffs' reply (Dkt. No. 250); the Parties' Joint Statement and its exhibits; and having heard argument from counsel at the hearing on Plaintiffs' Motion, which was held on April 27, 2018,

14

NOW, THEREFORE,

15
16
17

This matter having come before the Court upon Plaintiffs' motion for preliminary approval of the Settlement Agreement and for provisional approval of the proposed Settlement Class, and good cause being shown, it is hereby ordered, decreed, and adjudged as follows:

18
19

1.      Capitalized terms not defined herein shall have the meanings set forth in the Settlement Agreement.

20
21
22
23
24

2.      The proposed settlement set forth in the Settlement Agreement is hereby preliminarily approved as being fair, reasonable, and adequate, such that notice should be given to members of the Settlement Class (as defined below). This action is further provisionally certified as a class action, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23, which Settlement Class is defined as:

25
26
27
28

> All persons or entities Google's records indicate are located within the United States, American Samoa, Puerto Rico, the United States Minor Outlying Islands, the U.S. Virgin Islands, or Canada, whose AdSense account Google disabled or terminated on any date between May 20, 2010 and the date the Court grants Preliminary Approval of this Settlement, and whose last AdSense unpaid amounts Google withheld in their entirety, and permanently, on any date between May 20, 2010 and the date the Court grants Preliminary Approval of this Settlement in

connection with such disablement or termination, and where the sum withheld totals $10 or more.

3.      The Court's preliminary determination to certify the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event that the Settlement Agreement is not finally approved by the Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Settlement Agreement is not finally approved by the Court or otherwise does not take effect.

4.      Plaintiffs are each hereby found to be adequate representatives of the Settlement Class and are therefore appointed as Class Representatives.

5.      Hagens Berman Sobol Shapiro LLP, by Steve W. Berman and Robert F. Lopez, is and are hereby found to be adequate counsel for the Settlement Class and are therefore appointed as Class Counsel.

6.      The Court finds that the forms of notice to the Settlement Class and the methods of dissemination to Settlement Class Members (*i.e.*, the "Notice Plan"), as referenced in the Settlement Agreement and further detailed by way of the Declaration of Shandarese Garr Regarding Notice Plan, Claims, and Requests for Exclusion ("Garr Declaration") and its exhibits, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Federal Rule 23 and due process.

7.      The Website Notice, Email Notice, Supplemental Postcard Notice, Claim Form, and Opt-Out Form—which are attached to the Garr Declaration as Exhibits C–G, respectively—are hereby approved as to form.  The Court notes that the original Website Notice and Email Notice, attached as Exs. C and D, respectively, to the Garr Declaration, have been revised per the Court's request, and that the revised exhibits are attached as Exs. 2 and 3, respectively, to the Joint Statement.  The Parties may, by agreement, revise the foregoing notices and forms in ways that are not material or that are otherwise appropriate, including to update the documents for purposes of formatting for publication, and they may devise the Press Release and Supplemental Digital Notice (if the latter is needed) per the terms of the Settlement Agreement and as referenced in the Garr Declaration.

[PROPOSED] ORDER RE PRELIM APPR. - 2
Case No.: 5:14-cv-02329-BLF

1
2
3
4
5

8.      The Court finds that the Email Notice, Supplemental Postcard Notice, Website Notice, Press Release, and Supplemental Digital Notice (if needed) are together reasonably calculated to fairly apprise the members of the Settlement Class of the pendency of the action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.

6
7
8

9.      The Court approves the parties' request to appoint Garden City Group LLC ("GCG") as Settlement Administrator, which is hereby directed to carry out the duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement.

9
10
11
12

10.      The Notice Date shall be as soon as practicable, but no later than 60 days following entry of this order.  For purposes of this order, the Notice Date shall be 60 days following its entry.  If Notice is effected sooner, such that the Notice Date is less than 60 days following Preliminary Approval, then Plaintiffs may move to alter the dates herein.

13
14
15
16
17

11.      GCG shall send Email Notice to each Settlement Class Member at the address listed on the Settlement Class Member's AdSense account, using current contact information Google shall provide to the Settlement Administrator per the terms of the Settlement Agreement. GCG shall disseminate such Email Notices by the Notice Date and shall send an additional Email Notice as appropriate.

18
19
20
21

12.      GCG shall mail the Supplemental Postcard Notice to all Settlement Class Members to whom the Email Notice was undeliverable, using the address listed in the Settlement Class Member's AdSense billing profile. Such Supplemental Postcard Notice shall be mailed within 14 days after Email Notice has been completed.

22
23
24
25
26
27

13.      The Website Notice, together with the Settlement Agreement, Claim Forms, Opt-Out Form, and other relevant case documents relating to the settlement approval process (including Class Counsel's forthcoming fee and expense application and request for service awards), shall be posted and available for download on the Settlement Website, www.AdSensePublisherSettlement.com.  The Settlement Website shall remain active for at least 90 days following the Effective Date of the settlement. The Settlement Administrator will, however, disable online submissions through the Claim

28

[PROPOSED] ORDER RE PRELIM APPR. - 3
Case No.: 5:14-cv-02329-BLF

Form and the Opt-Out Form following the Claims Deadline and Objection and Exclusion Deadline (discussed below).

14.     Class Counsel shall issue the Press Release within (2) business days of entry of this order.

15.     Class Counsel shall file its motion for a Fee, Cost, and Expense Award and Service Awards to the Class Representatives, including any supporting documents, on or by _____, 2018 (30 days prior to the Objection and Exclusion Deadline, the latter of which is 60 days after the Notice Date) and thereafter promptly make such documents available for viewing and download on the Settlement Website.

16.     To be considered timely, Settlement Class Members must submit a completed Claim Form (Exhibit F to the Garr Declaration) to the Settlement Administrator on or by the Claims Deadline: _____, 2018 (60 days after the Notice Date).

17.     Any Settlement Class Member who seeks to be excluded from the Settlement Class must submit a completed Opt-Out Form (Exhibit G to the Garr Declaration) to the Settlement Administrator on or by the Objection and Exclusion Deadline: _____, 2018 (60 days after the Notice Date).

18.     Any Settlement Class Member who has not submitted a timely Opt-Out Form and who seeks to object to the Settlement Agreement or Class Counsel's forthcoming motion for fees, costs, and service awards to the Class Representatives must submit such an objection in writing to the Settlement Administrator on or by the Objection and Exclusion Deadline: _____, 2018 (60 days after the Notice Date). All such objections must include the information required under the Settlement Agreement, § 5.1.1., including: (a) relevant information pertaining to the Google AdSense account at issue; (b) the Settlement Class Member's contact information; (c) a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support thereof; and (d) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit. Any objector wishing to appear at the Final Fairness Hearing (discussed below) must include a Notice of Intention to Appear in the body of their objection.

19.     Class Counsel shall file its motion for final approval of the Settlement Agreement, including any supporting documents, on or by October 4, 2018 (14 days before the Final Fairness Hearing).  This motion shall also address any timely and otherwise proper objections.

20.     A Final Fairness Hearing shall be held by the Court on October 18, 2018, at 1:30 p.m. PDT, to consider and determine whether the proposed Settlement on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interest of the Settlement Class Members; whether the requirements for certification of the Settlement Class have been met; whether Class Counsel's motion for a Fee, Cost, and Expense Award and Service Awards to the Class Representatives should be approved; and whether the Court should enter judgment approving the Settlement and an order dismissing the action on the merits and with prejudice against the Class Representatives and all Settlement Class Members. The Final Fairness Hearing may, without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the Final Fairness Hearing), be continued or adjourned by Order of the Court.

21.     Pending final determination of whether the proposed Settlement should be approved and the settlement approval process described herein, all further proceedings in this action are hereby stayed unless and until the Court otherwise so orders.

22.     Pending final determination of whether the proposed Settlement should be approved, no Settlement Class Member shall directly or in any other capacity commence any action against any of the proposed Releasees in any court or tribunal asserting any of the proposed Released Claims.

**IT IS SO ORDERED.**

Dated:_____May 7, 2018_____

_____

Hon. Beth Labson Freeman
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER RE PRELIM APPR. - 5
Case No.: 5:14-cv-02329-BLF

1    Presented by:

2    Steve W. Berman (*pro hac vice*)
     Robert F. Lopez (*pro hac vice*)
3    HAGENS BERMAN SOBOL SHAPIRO LLP
     1918 Eighth Avenue, Suite 3300
4    Seattle, WA  98101
     Telephone: (206) 623-7292
5    Facsimile:  (206) 623-0594
     steve@hbsslaw.com
6    robl@hbsslaw.com

7    *Attorneys for Plaintiffs, the Certified Class,*
     *and the Proposed Settlement Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE PRELIM APPR. - 6
Case No.: 5:14-cv-02329-BLF