UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., a California corporation, COCONUT ISLAND SOFTWARE, INC., a Hawaii corporation, TAYLOR CHOSE, a Minnesota resident, and MATTHEW SIMPSON, a British Columbia, Canada resident, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, a Delaware corporation,<br><br>Defendant. | No. 5:14-cv-02329-BLF<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT |

# FINAL APPROVAL ORDER

This matter is before the Court on Plaintiff's Motion for Final Approval of Settlement (Motion for Final Approval) of the Class Action Settlement Agreement (Settlement) of and in the above-captioned Action between Plaintiffs Free Range Content, Inc. (FRC), Coconut Island Software, Inc. (CIS), Taylor Chose, and Matthew Simpson (collectively, Plaintiffs), and Defendant Google LLC (Google) (collectively, the Parties). Having duly considered all papers filed and arguments presented in support of the Motion for Final Approval, including the memorandum sub-joined to the motion, and the pleadings and papers cited therein; the Declaration of Robert F. Lopez in Support of Plaintiffs' Motion for Final Approval; and the Declaration of Brian A. Pinkerton Regarding Dissemination of Settlement Notice and Claims Administration (Pinkerton Decl.); together with any papers filed by Google, including the memorandum Google submitted in support of Plaintiffs' motion for preliminary approval, as well as the pleadings and files herein, IT IS HEREBY ORDERED and ADJUDGED as follows:

1. Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Order Granting (1) Preliminary Approval of Class Action Settlement, (2) Approval of Class Notice and Administration Forms, and (3) Provisional Certification of Settlement Class (Preliminary Approval Order) on May 7, 2018.

4. As attested in the Pinkerton Declaration, Notice of the Settlement Class was thereafter effected to Settlement Class Members per the terms of the Preliminary Approval Order. (Pinkerton Decl. ¶ 10-24.)

5. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement, as well as the memoranda and arguments submitted on behalf of the Plaintiffs, Settlement Class Members, and Google, and supporting declarations and exhibits. The Court held a hearing on February 7, 2019, at which time the Parties were afforded the opportunity to be heard

in support of or in opposition to the Settlement. Furthermore, the Court finds that Notice pursuant to the Class Action Fairness Act was timely and properly served on March 9, 2018, (Pinkerton Decl. ¶ 4) and that ninety (90) days have passed without comment or objection from any governmental entity.

6. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The Court has specifically considered the factors relevant to class settlement approval. *See, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004).

7. The Court specifically finds that the following factors support the Court's determination that the Settlement is fair, reasonable, and adequate:

    a. The strengths and weaknesses of Plaintiffs' case on the merits;

    b. The anticipated expense, complexity, and duration of litigation, including the difficulties of proof and strong defenses Plaintiffs would encounter if the case had gone to trial;

    c. The risk of maintaining class action status throughout trial;

    d. The significant relief provided for the Settlement Class pursuant to the Settlement;

    e. The informal discovery that has already occurred in this case;

    f. The experience and views of Class Counsel; and

    g. The positive reaction of the Settlement Class.

8. The Court has also scrutinized the Settlement Agreement and negotiation history for any signs of potential collusion. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).

9. The Court specifically finds that the following factors support the Court's determination that the Settlement is not the product of collusion:

    a. The Settlement Agreement was negotiated by experienced, well-qualified counsel and with the active involvement and assistance of neutral, well-qualified mediators, including the Hon. Layn Phillips, U.S. Dist. J. (Ret.);

    b. The Settlement provides substantial benefits to Settlement Class Members, and such benefits are not disproportionate to the attorneys' fees, costs, and expenses awarded to Class Counsel;

c. The benefits provided to Settlement Class Members are appropriate under the circumstances of this Action;

d. The attorneys' fees, costs, and expenses for which Class Counsel could (and did) apply were not to be paid separately and apart from class funds, nor do any fees not awarded revert to Google; also, Google retained the right pursuant to the Settlement Agreement to oppose Plaintiffs' request for attorneys' fees, costs, and expenses; and

e. The Parties addressed the subject of attorneys' fees, costs, and expenses only after reaching an agreement in principle as to the substantive elements of the Settlement.

10. Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Class:

> All persons or entities Google's records indicate are located within the United States, American Samoa, Puerto Rico, the United States Minor Outlying Islands, the U.S. Virgin Islands, or Canada, whose AdSense account Google disabled or terminated on any date between May 20, 2010 and the date the Court grants Preliminary Approval of this Settlement, and whose last AdSense unpaid amounts Google withheld in their entirety, and permanently, on any date between May 20, 2010 and the date the Court grants Preliminary Approval of this Settlement in connection with such disablement or termination, and where the sum withheld totals $10 or more.

11. Under Federal Rule of Civil Procedure 23, FRC CIS Taylor Chose, and Matthew Simpson are hereby appointed as Class Representatives, and the following are hereby appointed as Class Counsel:

Steve W. Berman
Robert F. Lopez
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

12. With respect to the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Plaintiffs are typical of the claims of the Settlement Class, that Plaintiffs and their counsel adequately represent the interests of the Settlement Class, and that a settlement class action is a superior method of adjudicating this Action.

13. The Court has determined that Notice given to the Settlement Class, in accordance with the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

14. The Court also finds that Google, via the Settlement Administrator, properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Upon the Effective Date of the Settlement Agreement, all Released Claims of the Releasing Named Plaintiffs and Releasing Class Members will be and are hereby released as against the Releasees, as defined in the Settlement Agreement; *provided, however*, that those Settlement Class Members identified on the Exclusion List attached as Exhibit A to the Judgment are excluded from the Releasing Class Members, having timely opted-out or excluded themselves from the Settlement, such that they are not deemed to have Released Claims under the Settlement, this Final Approval Order, or the Judgment.

16. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein, in the Settlement Agreement, or in any Order or Judgment addressing or related to Plaintiffs' Motion for Service Awards, Attorneys' Fees, Costs and Expenses) as to Plaintiffs and all Settlement Class Members.

17. The Court adjudges that, upon the Effective Date, the Releasing Named Plaintiffs, the Releasing Class Members, and each of them, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released Claims, as defined in Sec. 1.36 of the Settlement Agreement.

18. Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act

agreed to be performed by the Parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

19. The Court approves payment of attorneys' fees to Class Counsel in the amount of _____, plus their expenses and costs in the amount of $_____. This amount shall be paid from the Settlement Fund per the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the class Notice specifically and clearly advised the class that Class Counsel would seek the award.  In addition, per the Settlement Agreement, Class Counsel shall have sole responsibility and discretion to distribute the Fee, Cost, and Expense Award to any other attorney or law firm that may claim they are owed attorneys' fees, costs, or expenses under the terms of the Settlement.

20. The Court approves Service Award payments of $_____ each for Free Range Content, Inc. (as requested in Plaintiffs' motion), Coconut Island Software, Inc., Taylor Chose, and Matthew Simpson, and specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the class. These service awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Additionally, per the Settlement Agreement, the Court approves payment to the Settlement Administrator of Notice and Administrative Costs from the Settlement Fund.

22. In making the foregoing findings and rulings, the Court has also reviewed and considered the four submittals styled as objections submitted by Eric Melin, George Dodaj, Paul Isaac, and George Cappel.  (*See* Declaration of Robert F. Lopez in Support of Motion for Final Approval Exs. A-D.) Having carefully considered each, as well as the responses of the Plaintiffs in their Motion for Final Approval of Settlement, the Court finds no merit any of them, nor any reason to reject or disapprove the Settlement, and overrules all four.  Additionally, Plaintiffs note that 14 other Settlement Class Members

[PROPOSED] FINAL APPROVAL ORDER - 5
Case No.: 5:14-cv-02329-BLF

made submittals to the Settlement Administrator via its portal for objections.  (*See* Pinkerton Decl. ¶ 42.) As explained by Plaintiffs in their Motion for Final Approval and in the supporting Lopez Declaration, none of these objections actually object to the Settlement or any of its terms.  Nonetheless, for the sake of completeness, each and every one of these other 14 submittals or "objections" is also overruled.

23. Nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment.

24. The Clerk is hereby directed forthwith to enter this Final Approval Order and the accompanying Judgment.

DATED: _____, 2019

Honorable Beth Labson Freeman
United States District Judge