Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE RANGE CONTENT, INC., a California corporation, COCONUT ISLAND SOFTWARE, INC., a Hawaii corporation, TAYLOR CHOSE, a Minnesota resident, and MATTHEW SIMPSON, a British Columbia, Canada resident, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC, a Delaware corporation,<br><br>　　　　　　　　　　　　Defendant. | No. 5:14-cv-02329-BLF<br><br>DECLARATION OF ROBERT F. LOPEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT<br><br>Date: February 7, 2019<br>Time: 1:30 p.m.<br>Judge: Hon. Beth Labson Freeman<br>Dept.: Courtroom 3, 5th Floor |

I, Robert F. Lopez, hereby declare as follows:

1. I am a partner at Hagens Berman Sobol Shapiro, LLP, which has been appointed as Class Counsel in this matter. I am one of the attorneys, including my partner Mr. Berman and others, who represented the Plaintiffs and proposed Settlement Class in this matter. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Settlement. I make this declaration based upon personal knowledge, and I am otherwise competent to be a witness.

2. After the Court granted preliminary approval of the proposed Settlement in May 2018, ECF No. 254, Google advised the Plaintiffs in September 2018 (*see* ECF No. 269) that it had identified additional Settlement Class Members. It followed up by advising that there were 3,208 of these additional class members. The Parties agreed to an additional 60-day claims period for these additional Settlement Class Members, which paralleled the claims period for the initially identified Settlement Class Members. (ECF No. 273 (revised Class Action Settlement Agreement).)

3. Also, as a result of Google's further in-depth analysis following preliminary approval, it advised Plaintiffs that it had previously overstated the total Amounts Allegedly Withheld because it had included revenue from another (non-AdSense) Google product for website publishers. The net effect of this discovery, in conjunction with the Amounts Allegedly Withheld from the small number of additional Settlement Class Members discussed in the previous paragraph, was a *decrease* in the aggregated sum of Amounts Allegedly Withheld from the estimated $140 million of which Plaintiffs advised when moving for preliminary approval (which figure was based on representations from Google based on its then-last data compilation in July 2017), ECF No. 245 at 7, to approximately $133 million.

4. The net effect was to make the ratio of the Settlement Fund to the Amounts Allegedly Withheld better, and we continue to endorse the reasonableness of the Settlement.

5. In recognition of the Court's ruling with respect to a 30-day private statute of limitations in the latter-effective contract, ECF No. 116 at 18-21, the Settlement Agreement contains provisions for ascertaining timely notices of dispute. Per this term of the Settlement, the Parties worked with the Settlement Administrator on procedures to permit Settlement Class Members to submit with their Claims, optionally, any proof they might wish to submit showing that they had timely submitted notices of dispute (if they had).

DECL LOPEZ RE FINAL APPROVAL - 1
Case No.: 5:14-cv-02329-BLF

6. A total of 57 "objections" were submitted by the deadlines (and none by Additional Class Members)—56 went to the Settlement Administrator, per the terms of the Settlement and the Court's preliminary approval order, ECF No. 254, ¶ 18, and one (from Eric Melin) to the Court directly (which the Court forwarded to Class Counsel).  But, per the Settlement Administrator's verification, only 18 of these "objections" (17 submitted to the Settlement Administrator, plus the Melin submittal of which we apprised it) were actually submitted by Settlement Class Members.  Further, per our analysis, only four of the 18 actually purported to object in substance to the Settlement in any way.  Brian Pinkerton of the Settlement Administrator lists each of the 17 objections it received from actual Settlement Class Members. along with the substance of each, in a chart attached to his declaration of today's date, which Plaintiffs are filing today as well.  We will promptly submit all of the actual, underlying submittals to the Court upon request (even though, as the comments captured in Mr. Pinkerton's exhibit make plain, they are not actual objections to any aspect of the Settlement).

7. As part of notice efforts, the Settlement Agreement called for issuance of a press release. Plaintiffs (and Google) worked with the Settlement Agreement to ensure it was issued, as attested in the Pinkerton declaration submitted among today's papers.

8. Attached as Exhibit A is a true and correct copy of the "objection" of Eric Melin, which the Court forwarded to us on June 8, 2018.  (ECF No. 257.)  Mr. Melin submitted an objection that may or may not concern AdSense.  It is unclear that this is a true objection to the Parties' AdSense-related Settlement, for it indicates that Mr. Melin has "spent millions on Google AdSense," which is not a paid product as such.  Nonetheless, Plaintiffs address it this "objection" in the memorandum attached to their motion for final approval.

9. Mr. Melin refers to "Non-Profit Organizations" in his "objection."  He may mean the *Cy Pres* Recipients referenced in the Settlement Agreement, who could receive a small residuum of funds (as explained in Plaintiffs' motions for preliminary and final approval) if the Settlement is approved and certain contingencies occur.  Regarding their selection, each was determined following investigation to be worthy of receiving residual Settlement funds, if any remain (*i.e.*, the small potential residuum discussed above); each does pertinent work on a nationwide scale, including as to the consumer-oriented

claims that were part of Plaintiffs' complaint, Lopez Prelim. Appr. Decl. Exs. D and E; and neither was selected due to any known connection to Class Counsel or Google's counsel.

10. Another class member, George Dodaj, objects because "[t]he amount of $11,000,000 appears incredibly low." A true and correct copy of his objection, as forwarded to us by the Settlement Administrator, is attached as Exhibit B. We address Mr. Dodaj's objection in the memorandum attached to Plaintiffs' motion for final approval.

11. Next, Settlement Class Member Paul Isaac objects to the *Cy Pres* Recipients receiving any funds, even though *cy pres* is a well-established and viable doctrine. A true and correct copy of his objection, as forwarded to us by the Settlement Administrator, is attached as Exhibit C. We address Mr. Isaac's objection in the memorandum attached to Plaintiffs' motion for final approval.

12. Finally, Settlement Class Member George Cappel states that Google ought to be ordered "to re-instate all cancelled accounts unless there was a criminal or other serious threat." A true and correct copy of his objection, as forwarded to us by the Settlement Administrator, is attached as Exhibit D. We address Mr. Cappel's objection in the memorandum attached to Plaintiffs' motion for final approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 24, 2019, in Seattle, Washington.

                                     */s/ Robert F. Lopez*
                                     Robert F. Lopez